### GALLAGHER et al. v. McKNIGHT et al.

(Supreme Court, General Term, First Department. July 18, 1890.)

DESCENT AND DISTRIBUTION—DISINHERITED HEIRS.

　　Testator, after making certain bequests, left the residue of his estate equally to all his relations on his father's side that might be in the United States, and to the children of one G., but he expressly "cut off" from inheritance of any of his prop-

erty the wife of his brother J., or of any person related to her. J. died after the will was made. *Held*, the widow and children of J. could not recover any part of testator's estate without proving intestacy, since they had been expressly cut off.

Appeal from circuit court, New York county.

Action by Rebecca Gallagher and others against John McKnight and others. From a judgment dismissing their complaint, the plaintiffs appeal.

Argued before BRADY and DANIELS, JJ.

*William Gorman*, for appellants. *Joseph Fettretch*, for respondents.

BRADY, J. This is an action of ejectment for the recovery of possession of the premises 34 Scammel street, in this city. The plaintiffs claim to be the widow and only children and heirs at law of one John M. Gallagher, who was the only brother and heir at law of James D. Gallagher. It appeared upon the trial that James D. Gallagher died seised of the premises in dispute about the year 1845, leaving a last will and testament which was admitted to probate on the 29th of January, 1845, and by which he made provision for his widow, and gave some specific bequests; and, having provided that if his brother John M. Gallagher should be in want, so as not to be able to maintain himself, he should be assisted in the manner stated, he gave the remainder equally to the children of John Grady, and to all his relations by his father's side that might be in this country, *i. e.*, the United States. He cuts off, to use the language of the will, from inheritance of any thing or property of his, the wife of John A. Gallagher, or any person in any way related to her, either by blood or marriage, with the exception of her husband, who was his brother, and for whom he had provided as already stated. The vesting of this devise was contingent upon his leaving issue, when the property was to be enjoyed by his wife during life, if she should not marry again, then all to his children or child. He left no children, and his widow has been dead several years. The plaintiffs having been expressly cut off by the provisions of the will, it was necessary for them to show the intestacy of the testator, which could be accomplished by proof that John Grady named in his will had no children, and that there were no relatives on the side of the testator's father in the United States on the 16th of April, 1843. Neither of these facts was satisfactorily established by the evidence, and the circumstances arrayed were not in themselves sufficient to justify the existence of either of those facts; and this is a complete answer to the action. It is hardly necessary to to say that in actions of this character the plaintiff must recover upon the strength of his own title, (*Roberts* v. *Baumgarten*, 110 N. Y. 385, 18 N. E. Rep. 96,) or that the testator being of sound mind had the right to disinherit his brother's children, and descendants by his wife, Rebecca, (*Howland* v. *Society*, 5 N. Y. 217.) The most favorable statement in reference to the evidence given is that it consists altogether of desultory family reminiscences, suggesting much, but proving nothing upon which any judgment of a court could for a moment rest. The judgment must be affirmed.